Good morning and may it please the Court. Brian Pease on behalf of Plaintiffs La Jolla Friends of the Seals and James Hudnall. The claim against the city is based on state law. It arises from state law, but it requires the resolution of a substantial question of federal law, and that is the express preemption of the Marine Mammal Protection Act. The reason that the city was not following its own ordinances was because a state court had ordered the city based on an interpretation. That's overruled by the legislature, though, isn't it? The legislature changed the state law, and the state court is no longer ordering the city to violate the Marine Mammal Protection Act. Then why do we have a case? Well, actually, the city now has decided to, the mayor, rather, has decided against the will of the city council to continue to not follow the ordinances with respect to the guideline rope, which NOAA had requested. How do we know that? Is that in the record? Well, it just happened on May 15th of this year after the appeal had been submitted. In the record is the indication that the city could continue to decide not to follow its ordinances, and then we had on May 15th of this year. Well, a lot of things could happen, but we're here to, I think, opine on things that have happened. Right, and there have been multiple lawsuits on this issue, and it seems to keep evading review, but the fact is that at the time the lawsuit was filed, the city was not following its ordinances, and then it began following it during the pendency of the appeal because the state court was no longer ordering the city not to follow its ordinances. But then the mayor made another, his own determination during the pendency. How does the mayor override the city council? Well, what happened was on May 15th the mayor took down the rope barrier and four members of the city council, which is the maximum that can write a letter without violating the Brown Act, signed a letter and asked the mayor not to do this. Then on May 17th, two days later, the city council declared by a vote of six to two that a coastal emergency exists and directed the mayor to immediately replace the rope barrier. During that weekend there had been hundreds of tourists chasing, harassing, even petting the seals until they were driven off the beach. Is there anything of which we could take judicial notice? Well, there have been plenty of news articles about it. I mean, shouldn't you, if you want us to consider this, shouldn't you put something in the record? I did file an emergency motion when all of this happened, and another panel actually denied that emergency motion and found that there's just simply no federal jurisdiction here, which goes to the heart of the case, does the Marine Mammal Protection Act control the case? It is a state law claim. We're bringing a writ of mandate to require the city to follow its own ordinances. And the reason the mayor is deciding that he cannot follow this ordinance in this case is because of requirements of state law. Maybe he fears another lawsuit from somebody who wants to disperse the seals. For whatever reason, the mayor is not following the ordinance to immediately replace the rope. It's based on an interpretation of state law and the requirements of state law. He thinks that he needs to get a coastal commission permit, which can take a long time. And our position is that the Marine Mammal Protection Act controls and cuts through those procedural hurdles. And it requires, if NOAA says, look, there are ongoing, repeated takes occurring, violations of the Marine Mammal Protection Act, and if you place this rope, it'll prevent that. And the city council, the city through its elected officials, passes a resolution to place that rope. The mayor must do it. The Marine Mammal Protection Act preempts any state law, interpretation of state law that would prevent him from doing that. If we were to just bring the case in state court, which actually, while the appeal was pending, we did this to test this theory, and the state court said, nope, the mayor is following his interpretation of state law, and he can do that. And the state court did not address the Marine Mammal Protection Act at all. So that's why federal forum is so important, because the Marine Mammal Protection Act does control this case. And if the expressed preemption of the Marine Mammal Protection Act is followed, which the city and the federal defendants all agree, and agreed in this case that the Marine Mammal Protection Act, that the federal court had jurisdiction under Grable and Sons, because even though the Marine Mammal Protection Act does not contain a private right of action, plaintiffs' state law claims revolve around resolution of this substantial question of federal law. So the city, even in its appellate brief, argued that the federal court erred in dismissing the case when it did on jurisdictional grounds, but simply argues that the case is moot. And then in the... Well, if it's moot, it's non-jurisdictional by definition, isn't it? Well, the issue that I raised in my reply was that it's not moot because there's still an issue of the fact that we obtained this relief, and then the case was dismissed before the issue of fees could be addressed. So that was one of the bases for why it should not continue to be moot. But then the mayor, again, decided not to follow the ordinance, and that was another thing we pointed out in the reply, was that the mayor could decide, or there could be another lawsuit, and the mayor could decide not to follow the city ordinance, and so it needs to be determined. In fact, that's exactly what happened. The mayor decided not to follow the latest ordinance of the city council. So there are kind of two issues, and the city submitted some supplemental briefing with the McGuigan case, arguing that, well, the city wasn't really an opponent in this case, but... Shouldn't you be in state court suing the mayor if all this is correct? Well, the issue there is that the state court is unwilling. It just is simply... In the original instance, the state court was actually ordering the city to violate federal law, directly ordering the city to violate federal law. Now, that was overruled by the legislature, but again, we still have a situation where the Marine Mammal Protection Act controls this case, and we really need a federal forum for correction. So tell me more. The fact that there's a state court case somewhere off to one side is news to me. Is that in the papers, and I just missed it? No, it was... So what happened was first... I'm asking, was that in the papers, and I missed it? No, it was not. It was not in the papers. So we're learning about the state court case now for the first time? Only because it was filed well after the appeal, and in fact... Okay. So let me... So you file suit in superior court? This is your clients? Yes, Your Honor. And you lose in superior court? Well, there's no Rooker-Feldman issue because we filed this case... I didn't ask about Rooker-Feldman. I asked, did you lose in superior court? The preliminary injunction was denied, but the case has not been dismissed. So the case is still pending in state court?  Okay. So we don't have a final judgment out of the state court? Correct, Your Honor. So we're not going to end up, at least not now, we don't have a race to the counter problem? Correct, Your Honor. Okay. And this case, the federal case was filed first, and then when this issue happened where the mayor removed the rope and there was all this harassment occurring, I first filed an emergency motion. In this case, that was denied on the basis that it's a statewide claim, there's no federal jurisdiction. So then I filed a new lawsuit in state court and asked the state court for relief. The state court judge did not address the Marine Mammal Protection Act argument at all. It just said that under state law, the mayor can decide not to follow this ordinance while he's waiting to get the Coastal Commission permits, which can take a really long time. NOAA and the city council have declared that a coastal emergency exists and the rope needs to be replaced immediately. And our position is that we need a federal forum. which is that Congress has mandated under the Marine Mammal Protection Act that when there are takes occurring, state law cannot facilitate the taking of marine mammals. It cannot allow the mayor to decide not to cooperate with NOAA and the city council and prevent these takes from occurring. I think I'll leave the rest of my time for rebuttal unless your honors have any other questions. Why don't you save your time. Thank you, your honor. So are you planning to divide your ten minutes? I believe that we've divided it where I will start with eight minutes and George Schaefer of the city of San Diego will have two minutes, but my presentation will be over relatively quickly and give you an opportunity to ask questions. And if you don't have eight minutes of questions, I'll cede the remainder of the time to San Diego. May it please the court, my name is Kurt Kastorf. I represent the federal defendants. With me at council table is Judson Feeder of the National Oceanic and Atmospheric Administration and then George Schaefer, who is the attorney for the city of San Diego. As I think is relatively apparent from Friends of the Seals presentation, there are still some Friends of the Seals has not been satisfied with the resolution that they've received in state court and for that reason have repeatedly tried to invoke this court's jurisdiction. Could you address the question of mootness? Is the narrative he just gave us as to the ongoing dispute between the mayor and the city council and so on, is that right? I agree that there are still some ongoing disputes between Friends of the Seals and the city of San Diego. And the rope sometimes is up and sometimes is down as a result of this? Well, my understanding, and I think the city of San Diego will want to speak to this, but that the specific relief requested in the complaint in this case was that the rope be up during pupping season and San Diego has agreed to do that. The remaining question is about when the rope is, if the city is going to amend their plan under the California Coastal Management Act to keep the rope barrier up year-round, and I don't think that's an issue that was addressed in his complaint in this case. So there is some ongoing dispute between Friends of the Seals and the city of San Diego about how to engage in management, but I don't think that dispute is a dispute that existed or is included in the complaint he filed in this action. I'm trying to figure out whether this is moot or not, and I'm not sure I've got an answer from you that tells me. Well, if I may say, our preference, and in part because the mootness is a sticky question, the United States would prefer that this case resolve this matter by finding that there's no jurisdiction over the Federal defendants, and I think there are a couple of reasons why that's a good approach. One is that the district court and, in fact, the motions panel that dealt with the emergency motion have also already suggested there's no jurisdiction over the Federal defendants, so there are already opinions on this issue. No jurisdiction over the Federal defendants because? Because the Federal defendants haven't taken any final action in this case and haven't. Have you been asked to take any final action in this case? No. I mean, have there been any proceedings concerning the State of the Seals and whether there's an emergency or some other justification? No. Neither Friends of the Seals nor the city of San Diego has asked us to undertake an administrative determination. What happened apparently is that Friends of the Seals believes that the way the process should work under the Marine Mammal Protection Act is that the city of San Diego should be required to apply for an incidental take permit even if they're using their authority as a municipality under Section 109H. We should then review the permit, and we should then issue or deny it. But since in the State court both Friends of the Seals and the city of San Diego didn't want to move the seals, neither of them actually suggested that a permit application take place. So the Federal agency, NOAA, has never actually been asked to act by either the plaintiff or by the city of San Diego, and we haven't taken any action. So you're basically, this is an APA issue for you, this is final agency action, and you say no? That's correct. As the case was originally brought, what they asked the district court to do was to force an agency to begin to exercise its prosecutorial authority, and that had a clear Heckler v. Cheney problem. So in briefing, they changed the argument slightly and suggested that some statements by James Leckie, who at the time was an assistant regional administrator for NIMS Southwest Region, some statements he had made at a hearing describing the scope of Provision 109H constituted final agency action. And there are a number of problems with that. One is that, as the district court found, Mr. Leckie was a subordinate agency official, and his statements couldn't bind the agency, something that they haven't briefed on their appeal. A second problem is it's not final agency action because he's not making any statement or interpretation or legal determination. He was simply describing what the statute says. And the third problem is that even if that statement were final agency action, the relief they request in the complaint is still that this court order us to engage in the use of our discretionary enforcement authority. So merely pointing to that statement as final agency action wouldn't mean that the court has jurisdiction to implement the enforcement, implement the relief requested in the complaint. So what is Mr. Leckie thinking he's doing by going to the city council and giving them, what, advisory opinions on how he would interpret the law? I wouldn't say it even amounts to advisory opinion. Essentially, they asked – he went to a public meeting because NOAA has been, throughout the process, sort of providing some general information with San Diego. For example, right now they're working on a docent program for the seals, and I think NOAA is participating in providing them with information for that program. He was attended at the meeting, and also previously had submitted a letter, and I think they asked do they have the ability to move the seals. And what he said is under 109H, generally speaking, municipalities can't engage in incidental takes of seals, but there's a provision in 109H that says if the seals are nuisance animals, you can move them. So he said if you were to properly determine that the seals were nuisance animals, it would appear you wouldn't violate the act, which wasn't any type of administrative determination and doesn't actually affect their legal rights. You know, it would still be a question of action with the seals, whether they violated the Marine Mammal Protection Act or not. Do we have a transcript in the record of what he said? I mean, what I have is – the only thing I've been able to find is sort of a report of what he said rather than a transcript of what he said. I don't think there's a transcript. So there were two statements that they mentioned in their complaint in brief. One is a letter, and that letter does exist. And the other is just an account of what he said at the meeting. And our understanding is he essentially paraphrased the actual text of a statute. He didn't offer any additional interpretation. So if the city – I'm not sure what the city wants to do at this point, but if the city wanted to remove the seals, it could go to your agency and petition for authority under 109. Well, the Marine Mammal Protection Act doesn't set out a procedure, actually. So they go under the APA? Or how would they do that? Well, this is a question that's open to interpretation because I don't believe it's happened. But what 109H appears to say is that it's simply not illegal under the Marine Mammal Protection Act for a municipality to move seals if they are a nuisance animal. So I think in theory, City of San Diego could proceed to move the seals. Then if NOAA believed that they weren't, in fact, a nuisance animal and the state was making an improper inquiry, it would be up to NOAA to choose to exercise some sort of enforcement authority. All right. Unless there are other questions, I'll turn it over to San Diego's attorney. May it please the Court. George Schaeffer, Deputy City Attorney on behalf of the City of San Diego. I must respond to Mr. Pease's argument that anything that happened in the case, this case in the district court, is related to the new controversy that is the subject of a new lawsuit pending in state court. This case involved whether the city was required to comply with its council's resolution to have a rope barrier up at the children's pool during the pupping season, which the council defined as between December 15th and May 15th. And that was the scope of the lawsuit. It had nothing to do with having a year-round rope barrier. What happened is after the legislature amended the Thailand's trust to allow the city to have a marine mammal park if it chose to do so, the council decided it wanted to go a step further and have a year-round rope barrier. And the mayor, however, rather than finding, as would be required for a coastal development permit, an emergency to immediately put up the rope barrier, went through the normal permit application process, which dissatisfied the La Jolla Friends of the Seals. They wanted the mayor to find an emergency so that the coastal development permit could be put up, would be issued for immediate rope barrier. But instead the mayor felt there was no emergency. He applied to the normal process. A hearing officer granted the permit application on September 15th. And now another group of citizens is appealing that to the city's planning commission. In the meantime, in this litigation in state court, there was an application for a TRO, which was denied, an application for preliminary injunction, which was denied, and the case is still pending. But the reality is come December 15th, when the next pupping season starts, that rope barrier is going to go up because the city has now a permit from the coastal commission that allows it on an annual basis to install the rope barrier. It doesn't have to keep applying. And there's no state court order, as there was when this lawsuit was initially filed in the district court, that would prohibit the rope barrier from going up. So there really is no case or controversy in this matter. There's a new case of controversy regarding whether there should be a year-round rope barrier, but that's not something that was before the district court and certainly not something that's before this court. As a panel, a motions panel found, there was no jurisdiction to even consider that matter. And we would ask this court to follow that line of reasoning, that we're confined to what was the controversy at the time the lawsuit was filed, and that controversy is moot because of the legislature. Well, I'm not sure I'm going to disagree with you as to what you think is the outcome, but we're not confined to the controversy at the time the lawsuit was filed because you can amend a complaint and various things. But as I understand it, the complaint has not been amended, such as to change the nature of the relief that's been sought. That's correct. The district court dismissed on jurisdictional grounds, and the plaintiffs, they could have brought another federal lawsuit had they felt that this new controversy involves the Marine Mammal Protection Act, which it does not. All it involves is what is the proper way under state law to get the permit to have a year-round rote bearer. But they haven't even done that. They've decided, after having failed to get an emergency order from this court, to pursue a different remedy, go to state court. And they're never happy. They just want to shop around whenever they're able. Sounds like you're not happy either. Well, the city of San Diego, we want the seals. Our council is very supportive of having the seals. And what's frustrating is, and I apologize if the frustration is showing, we continue to do everything we can to protect this seal colony, and we're sued by both sides in this political. The other side is the advocates of the children's beach, the original trust. Yeah, Valerie O'Sullivan, a swimmer, the divers group, you might say, she brought us to state court where she said the trust did not allow the seals to remain, that they were a nuisance and the city had to have them removed. And that's what led the legislature, when we were on the verge of having to remove this colony, intervene and pass this legislation that allows us to have Marine Mammal Park. The majority of San Diego citizens want the seals to remain. There's tourists from all over the country that come to see them. I must confess, I've seen them. What may not be clear is, when this lawsuit was filed, the city reached out to O'Sullivan's lawyer and said, look, this lawsuit is really against your client, and we invited them to intervene in this lawsuit, and they wouldn't do so. We felt very uncomfortable trying to be in the position we were placed when we were sued in this lawsuit. There's a question of attorney's fees left. Is Hoya, Friends of the Seals, even if this case is, or this bill is dismissed as moot, is there still an issue of attorney's fees for the district court to decide? Not under McGuigan. Under the McGuigan case, which is an interpretation of state law, 1021.5, the Private Attorney General Act, you can only get attorney fees as a private attorney general if, from the other side, the opposing parties actually opposed what you were doing. The city never opposed the TRO application, the preliminary injunction application. But that's a question of the merits of attorney's fees. The attorney's fees question is not moot, correct? We believe it is moot because the district court found there was no jurisdiction, and if this Court agrees there's no jurisdiction, then they were not a prevailing party because the district court erred. But part of the reason there's no jurisdiction is because actions were taken that gave Friends of the Seals the relief that they wanted, i.e., the protection of the seals. Well, actually, I don't respectfully agree with that because the district court granted the TRO, but then when you read its order of dismissal on jurisdictional grounds, it seems, it appears that the district court is conceding it erred in having granted that relief, the TRO, because if it didn't have jurisdiction when it dismissed the case, then certainly it didn't have jurisdiction in the very beginning to grant the TRO. In other words, in your view, we have to reach the Grable issue? No. The city believes that because it can't be disputed that the law was changed and there's no longer a live case or controversy. There's no reason to reach the Grable issue. It's really, it's a very interesting academic issue. It's a fascinating conflict of law issue. But no relief can be granted now by the district court. We may be at cross purposes here. I mean, there's a basic notion that you're entitled to attorney's fees even if there has been some action by the other side that moots out the case. If your suit in some significant fashion prompts the city's actions, and I'm not saying whether under that standard he's entitled to attorney's fees. I'm not. But I'm just saying there's this general principle, the mere fact that he might have gotten the relief because the city has voluntarily or because the legislature has voluntarily done something. So I'm in trouble figuring out what your position is as to why this is still not a live controversy that we should remand to the district court for determination of attorney's fees. Well, two points. It's not a live controversy because the state court order that prohibited us from putting up the rope barrier was vacated and the legislation was passed that allows the rope barrier to be put up. But that goes to the merits as to whether or not that was a catalyst for the action. That doesn't moot it out. That may be a reason why you win, but it doesn't moot it out. Well, it moots it out in that there's nothing now, there's no impediment to the city putting up the rope barrier. But I'm talking attorney's fees. I'm not talking about substantive relief. I'm only talking about attorney's fees. And on the attorney fees issue, if you read McGuigan, this case, there has to be some opposition or adversarial action for you to, for a private attorney general to get fees. But that again, you're just arguing the merits as to whether or not they're entitled to fees. And what we're saying is the record is undisputed that the city was never opposing anything that the La Jolla Friends of the Seals did when there was a live controversy. Yeah, but I'm still not. What I think we should do, and I'm trying to get you to address this, that we should send this back to the district court so the district court decides whether or not plaintiff is entitled to fees. Why should we not send it back to the district court with a direction to the district court to decide whether plaintiff is entitled to fees? For the simple reason that the record is, it can't be disputed on the record that there was never any, the city was not an opposing party. But shouldn't the district court decide that, not us? I think for the district court to decide that, you would have to find that the district court did have jurisdiction to begin with. Well, that takes us back to Grable then. Right. So that's where I started, and you said that's academic. But it sounds as though you're telling us it's not academic. Well, it is in the, if you look at the case law about, for a mootness doctrine, the district court would have to grant some relief, be able to grant some relief, and there's, on the merits of the controversy. And it can't, because there's no controversy as far as the vote barrier goes. Well, your basic position is mootness, isn't it? That's correct. All right. All right. Thank you, counsel. Thank you. You've gone well over. Thank you, Your Honor. The district court cannot determine either the issue of fees or any future issues relating to the vote barrier if there is no jurisdiction. That's why when the latest controversy over Why are you a prevailing party in anything? Well, because there were two orders actually issued. The first one was on October 22nd of 2008 to prevent the city from dispersing the seals. They were under immediate state court order to do so, and it took about eight months for the legislature to catch up and change the legislation, but if not for that temporary restraining order Well, the legislature bailed you out. I mean, nothing else did. The seals would have been dispersed in October of 2008 if I had not obtained the temporary restraining order from the district court. So that prevented the result. And then in December 18th of 2008, the district court issued this 16-page decision relying on Grable saying that the city has to put the vote barrier up, so the vote barrier wouldn't have gone up either without this federal action. And then eight months later, the district court decided that it never had jurisdiction to begin with. And so we can't go back to the district court and say we're entitled to fees for this good result because the district court said that it didn't have jurisdiction. Unless we tell the district court that it did have jurisdiction under Grable and Smith v. Kansas City title of trust. Exactly right, Your Honor. And just as the city believed the district court did and the federal defendants also agreed that it did. And similarly, we can't go back to district court and file a new lawsuit to put the rope up under the current circumstances because the district court already determined that it does not have jurisdiction. So we need a ruling on this issue, on this jurisdictional issue. Okay. All right. Thank you, counsel. Am I out of time or do I have another second? Oh, I'm out of time. One more thing. Thank you. La Jolla Friends of Seals v. National Marine Fisheries Service et al. is submitted.
judges: Cudahy, Wardlaw, Fletcher W.